IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01849-REB-MEH

EDWARD FRANCIS BENGE,

    Plaintiff,
v.

DR. RICHARD A. POUNDS, M.D., and
DR. JOHN R. DEQUARDO, M.D., CMHIP Superintendent,

    Defendants.

---

# RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

---

Before the Court is Defendants Motion to Dismiss Second Amended Prisoner Complaint [Docket #34]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

**I.    Facts**

Plaintiff is incarcerated at the Colorado Mental Health Institute at Pueblo ("CMHIP"). Plaintiff alleges that Defendant Dr. Pounds, a psychiatrist, ordered that Plaintiff be placed in mechanical restraints for twelve hours and in seclusion for a period of 30 hours absent an emergency situation, in violation of Plaintiff's rights under the Bill of Rights for Mental Patients, 42 U.S.C. § 1841. Dock. #8 at 5. Plaintiff further alleges that Defendant DeQuardo ordered Plaintiff to be placed in the maximum security housing at CMHIP for an indefinite period of time, also in violation of Plaintiff's rights under the Bill of Rights for Mental Patients, 42 U.S.C. § 1841. *Id.* at 10. Plaintiff's Second Amended Complaint asserts that jurisdiction for these claims arises under 42 U.S.C. § 1983,

as well as the Patient's Bill of Rights. *Id.* at 3, 5. Plaintiff also asserts both claims under the Due Process and Equal Protection clauses of the Fourteenth Amendment. *Id.* at 6, 11.

Defendants filed their Motion to Dismiss on the grounds that the Patient's Bill of Rights does not provide a private cause of action. In response, Plaintiff asserts only that it does.

## II. Discussion

### A. Legal Standard for Motion to Dismiss

A motion to dismiss should be granted only if the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In doing so, all well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court must review the Complaint to determine whether it contains "enough facts to state a claim to relief that is plausible on its face." *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007) (citations omitted). This minimal standards requires the plaintiff to establish "a reasonable likelihood of mustering factual support for these claims," *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), by "sufficiently alleg[ing] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be

2

granted." *Id.*

### B. Plaintiff's Claims

Congress enacted the "Restatement of Bill of Rights for Mental Health Patients" in 1986. This statute states that "it is the sense of Congress that . . . each State should review and revise, if necessary, its laws to ensure that mental health patients receive the protection and services they require." 42 U.S.C. § 10841. Defendants rely on the First Circuit's decision in *Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d 987 (1st Cir. 1992), for the proposition that this Bill of Rights does not create a private cause of action.

In *Monahan*, the Court explained the precatory nature of this statute as follows:

> [T]he statutory language, setting forth "the sense of Congress" and recommending that states "should" review their laws regarding mental health patients is plainly precatory. Also, the "rights" set forth are for the State's consideration when undertaking this review. Significantly,"this section neither requires nor prohibits any action on the part of the states or any other party. In addition, the legislative history is consistent with Congress's use of precatory statutory language. The Senate Report declares that the Bill of Rights is a "statement of Congressional viewpoint," and emphasizes that this section "further encourages each state to review and revise its laws to insure that mentally ill persons receive the protection and service they require." *Brooks v. Johnson and Johnson, Inc.*, 685 F. Supp. 107, 108 (E.D. Pa. 1988).

*Id.* at 995. In doing so, the Court relied on the Supreme Court's decision in *Pennhurst State School v. Halderman*, 451 U.S. 1, 18 (1981), which concluded that 42 U.S.C. § 6010 constituted precatory language and, therefore, did not create a private cause of action for the developmentally disabled. *See also Wimber v. Dep't of Soc. and Rehab. Servs.*, No. 94-4042, 1994 U.S. Dist. LEXIS 6345 (D. Kan. Apr. 13, 1994) (citing *Monahan*, 961 F.2d at 995). This Court agrees. Nothing in the language of the statute indicates an intent by Congress that the "Restatement of Bill of Rights for Mental Health Patients" should create a private cause of action. Plaintiff's claims based on this statute

3

should, therefore, be dismissed.

Plaintiff also asserts that Defendants' actions violated the Equal Protection and Due Process clauses of the Fourteenth Amendment. Plaintiff's theory appears to be that Defendants have violated the Mental Health Patient's Bill of Rights without due process, because it was not an emergency situation. Plaintiff provides no allegations to support his equal protection argument. In either case, the conduct complained of is allegedly in violation of the Bill of Rights, which cannot form the basis for a claim under Section 1983. A claim under Section 1983 requires two allegations by Plaintiff: "First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As the discussion above establishes, Plaintiff has no substantive rights conferred to him by the Mental Health Patient's Bill of Rights upon which a Section 1983 claim can be based. *E.g.*, *Croft v. Harder*, 730 F. Supp. 342, 351 (D. Kan. 1989).

**III.  Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss [Filed November 30, 2007; Docket #34] be **granted** and that this matter be **dismissed with prejudice** for failure to state a claim upon which relief can be granted. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States*

4

Dated at Denver, Colorado this 12th day of December, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).